## CLEMENS et al. v. MORRIS et al.
### No. 10.

District Court, N. D. West Virginia.
Aug. 5, 1938.

Arthur S. Dayton, of Charleston, W. Va., for plaintiffs.

Kemble White and A. F. McCue, both of Clarksburg, W. Va., for defendants.

BAKER, District Judge.

### Findings of Fact.

The facts necessary to a decision in this case appear from the record to be as follows:

On September 10, 1844, Burton Despard and Emily Despard, his wife, conveyed to Jemimah Morris and her children, fifty (50) acres of land in Harrison County, then Virginia, now West Virginia. The deed recites that the consideration was paid and acknowledges its receipt. Jemimah Morris and her husband were already occupying the said fifty (50) acres at the time of the execution of this deed.

On September 20, 1844, Emily Despard acknowledged this deed, and such acknowledgement was certified by two Justices of the Peace. On November 1st, 1845, Burton Despard acknowledged this deed and on this later date the same was admitted to record.

On September 10, 1844, Jemimah Morris had two children, namely; H. H. Morris and Jabez C. Morris. On October 20, 1844, Ellen Morris, a third child, was born.

In 1866, Ellen Morris married Norton Clemens, and with him moved to the State of Missouri.

Benjamin Clemens, Arthur Clemens, Samuel C. Clemens, Herbert Clemens, Dolly Flock, and Dora West, plaintiffs in this suit, are children of this marriage.

They sue, asserting that their mother obtained, by virtue of the deed from Burton Despard and wife to Jemimah Morris and her children, a one-fourth interest in the land thereby conveyed; that said interest was never alienated, and that they, as children of Ellen Morris Clemens, are entitled to said one-fourth interest.

### Conclusions of Law.

Numerous questions are presented, but I feel that one question is so decisive of the case that the others need not be considered.

It is fundamental law, at least in the two Virginias, that a deed takes effect upon delivery. It is also well established that delivery is a fact to be established by evidence, where such evidence is obtainable. In this case the Bill of Complaint alleges delivery to have been made November 1, 1845, and the answer specifically denies this allegation. No evidence is introduced save that appearing upon the face of the instrument itself, and it is, therefore, to this instrument that the Court must look in determining the effective date thereof.

It is fundamental law, at least in the Virginias, that where a deed bears a date, it is presumed to have been executed and delivered on that date.

In the case of Dulin v. Ohio River Railroad Company, 73 W.Va. 166, 80 S.E. 145, L.R.A.1916B, 653, Ann.Cas.1916D, 1183, Point four of the syllabus is as follows: "Deeds—Date—Presumption. Prima facie, the date of a deed is the day of its execution, notwithstanding it was acknowledged at a later date."

And in the body of the opinion, on page 169, 80 S.E. on page 146, the Court uses the following language: " * * * In

the absence of evidence to the contrary, deeds are presumed to have been executed on the day of their date. * * * A deed is presumed to have been executed on the day of its date, notwithstanding it bears acknowledgment at a later date."

A reading of the facts and the whole opinion in this case shows that by "executed", the Court means "made effective", that is, signed, sealed and delivered.

Numerous authorities to this same effect could be cited from the Supreme Court of Appeals of West Virginia. The Dulin Case, however, has apparently never been reversed, or even questioned, and I deem it fruitless to multiply authorities to the same effect.

The same rule obtains in the State of Virginia.

In the case of Harman v. Oberdorffer, 33 Grat., Va., 497, the Court, in the course of its opinion, states the law to be as above and. quotes with approval the language of Judge Cabel in the case of Harvey et al. v. Alexander et al., 1 Rand, Va., 219, 10 Am.Dec. 519, as follows: "If a deed has a date, the law intends it to have been delivered at that date. When, therefore, a deed having a date is proved by witnesses who say nothing as to the time of delivery, and is thereupon recorded, it stands recorded as a deed proved to have been delivered at its date."

And further in the opinion, this language is used: "It may very well happen that a deed is delivered and accepted, either with an intention not to record it at all, or to have it acknowledged for that purpose at a future time."

Of course, there is no question but that this presumption of delivery upon the date which a deed bears is a rebuttable one, but in the instant case, there is no evidence whatever upon the question. Therefore, the Court is bound to follow the presumption of law and to hold that the deed, under the law, was delivered upon the date it bears; that is, September 10, 1844.

On this date, Ellen Morris, later Mrs. Clemens, had not been born; therefore, she could take nothing under the deed. Since the record in this case bases the entire claim of Ellen Morris Clemens, and through her, of her children, upon the theory that this deed of September 10, 1844, vested a one-quarter interest in her, it, therefore, follows that said children have now no claim against this land, insofar as the record before this Court shows.

The Bill of Complaint should be dismissed at the costs of the plaintiffs.